## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## 1:05CR33

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Vs.** | ) | **ORDER** |
| | ) | |
| **MICHAEL GAVIN McDONALD,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| ——————————————— | ) | |

THIS CAUSE coming on to be heard and being heard before the undersigned, Dennis L. Howell, United States Magistrate Judge for the Western District of North Carolina, upon motion of the defendant for a hearing entitled, "Motion for Hearing on Bond" which the court considered a motion for pretrial release of the defendant, pursuant to 18 U.S.C. § 3142. At the call of this matter on for hearing it appeared to the court that the government was represented by Assistant United States Attorney, Donald Gast, and that the defendant and his counsel, Al Messer, were present and from the evidence offered by the defendant and from the evidence offered by the Government, the court finds as follows:

**Factors Considered:** 18 U.S.C. § 3142 sets forth the factors to be considered in determining whether or not a defendant should be released upon conditions of pretrial release. The statute reads as follows;

**(g) Factors to be considered.--**The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--

**(1)** The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

**(2)** the weight of the evidence against the person;

**(3)** the history and characteristics of the person, including--

    **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

**(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

In considering the evidence presented herein by the defendant and by the Government, the court finds that in regard to the nature and circumstances of the offense charged that the crimes alleged against the defendant are not necessarily crimes of violence as that term is defined, pursuant to 18 U.S.C. § 924(c)(3), although the crime does allege a possession of a firearm by a convicted felon. In regard to the second factor, the weight of the evidence against the defendant appears to be great. The evidence appears to show that the defendant was found to be in possession of a firearm at a time when he was a fugitive from justice. The defendant gave a false name to the arresting officer. The offenses allegedly occurred on the 13th of August 2004. On August 17, 2004, the defendant was arrested in Rayburn County, Georgia and charged with theft by receiving stolen property and possession with intent to sell and distribute methamphetamine. At that time, it was discovered by the arresting officer in the state of Georgia that the defendant had given a false identification to the arresting officer in regard to these charges. Upon questioning, the defendant

admitted those allegations.

In regard to the history and characteristics of the person, it appears that the defendant has family ties and employment in Buncombe County, North Carolina and a length of residence in that community. The defendant's history relating to drug and alcohol abuse and criminal history is significant. Beginning in November of 1993, the defendant has, each and every year, been convicted of at least one criminal offense. In April 2000, the defendant was convicted in the Fifth Circuit for Florida of felony property damage and criminal mischief and grand theft, along with misdemeanor narcotics violations. The defendant was placed upon probation and has allegedly violated terms of his probation. A warrant has been issued in the state of Florida for his arrest and a $100,000.00 Bond has been set. In July of 2002, the defendant was convicted of felony possession with intent to sell and deliver cocaine in Buncombe County, North Carolina Superior Court along with other felonies regarding use and distribution of a controlled substance. At the time of the current offense, the defendant was on probation from the Florida felony convictions and was further on probation in regard to the Buncombe County, North Carolina felony conviction.

In considering the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release, it appears to the undersigned that the risk and seriousness of danger to the community posed by the defendant's release would be great and is supported by clear and convincing evidence. It also appears by a preponderance of the evidence there is a risk of the defendant's flight if he was released. The defendant's criminal record shows several incidences of the defendant's failure to appear and there is an outstanding warrant from the state of Florida for the defendant's arrest. Further, there are pending charges in Rayburn County, Georgia and felony charges in Rayburn County, Georgia.

3

BASED UPON THE FOREGOING, the court finds that there are no conditions of release that would reasonably assure the appearance of the defendant as required or to assure the safety of any other person or the community.

IT IS THEREFORE **ORDERED** that the defendant's motion entitled "Motion for Hearing on Bond" which the court considered as a motion for pretrial release of the defendant is hereby **DENIED.**

**Signed: May 17, 2005**

Dennis L. Howell
United States Magistrate Judge