# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:05CR33

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| MICHAEL GAVIN McDONALD, ) | |
| a/k/a MICHAEL PHILLIPS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS CAUSE coming on to be heard and being heard before the undersigned, Dennis L. Howell, United States Magistrate Judge for the Western District of North Carolina, upon a motion filed by the defendant entitled, "Motion for Pre-sentence Release", pursuant to 18 U.S.C. § 3143. In the motion, the defendant requests, as relief, that the defendant be released pending sentencing in this matter. At the call of this matter on for hearing it appeared that the defendant was present with his counsel, attorney Al Messer, and that the Government was present through Assistant United States Attorney, Donald Gast, and from the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the defendant, and the records in this cause, the court makes the following findings.

**Findings**: The defendant was indicted on April 4, 2005 by the Grand Jury and charged with criminal violations in a three count bill of indictment. In count one the defendant was charged with being a felon in possession of a firearm. In count two the defendant was charged with being a fugitive from justice and in possession of a firearm and in count three the defendant was charged with giving false statements to a law enforcement officer. On April 12, 2005 the defendant waived

a detention hearing and the detention hearing was continued indefinitely for cause. Thereafter, on May 17, 2005, after hearing evidence, the undersigned entered an order detaining the defendant. The undersigned incorporates the findings entered by the court in the order herein by reference as if fully set forth herein. On June 21, 2005 the defendant participated in a rule 11 inquiry in which the defendant entered a plea of guilty to all charges contained in the bill of indictment. The defendant has continued to be held in detention pending sentencing in regard to the charges contained in the bill of indictment. The defendant has been housed for the past several months at the Columbia Care Center in Columbia, South Carolina for treatment for various medical conditions from which the defendant suffers.

The defendant presented testimony from Michael Lawing, a North Carolina State Probation Officer. Officer Lawing testified that he was he was the probation officer supervising the defendant on a charge of felony possession with intent to sell and deliver cocaine for a period of approximately two months during January, February, March and April 2005 prior to his arrest on the Federal charges. The defendant, at that time, was subject to electronic monitoring by Officer Lawing. Officer Lawing testified that he had not had any problems in regard to supervision of the defendant during that period.

Sharon Jakobi was called as a witness for the defendant. Ms. Jakobi is the Assistant Store Manager at McDonalds at River Ridge Mall in Asheville. The defendant had worked for her at the Pizza Hut in Fletcher during a period in which Ms. Jakobi managed the Pizza Hut. Ms. Jakobi testified that the defendant was a good worker, that he came in early and stayed late and that she would provide him with employment if he was released.

Brenda Sanders was called as a witness for the defendant. Ms. Sanders has managed the

Asheville N.C., International House of Pancakes Restaurant for twenty eight years. The defendant worked for her during the period from December 2004 until the time of his arrest. Ms. Sanders testified that the defendant did a very good job at his employment and that she would be willing to employ the defendant.

The defendant's father, Bruce McDonald, testified that the defendant had suffered from diabetes from age seven. He has lost the sight in one eye and that in the opinion of Mr. McDonald the defendant's health has deteriorated in the past year. Mr. McDonald testified that if the defendant was released that, even though the defendant is not presently covered by any health insurance or Medicaid benefits, he would pay the defendant's medical bills for the treatment of the defendant.

The defendant testified that he was presently being held at the Columbia Care Center in Columbia, South Carolina. He testified that in his own opinion he had a significant criminal record but that he had changed due to the death of his grandfather and due to the fact that he was seeing an endocrinologist who was assisting the defendant in regard to his health problems. The defendant testified that in his opinion his kidneys has gotten worse over the past several months but that he was receiving treatment at the Columbia Care Center. In his opinion, his health was on a slower decline at the present time than it was when he was not incarcerated. The defendant testified that he would like to be released so that he could spend time with his father previous to the defendant being sentenced.

The defendant introduced into evidence without objection defendant's exhibit 1 which is a letter from Dr. Michael Spann who is a Christian and clinical counselor of the defendant at the Columbia Care Center. The letter of Dr. Spann shows that the defendant has attended many group sessions of psychological and clinical treatment and that he has made a positive change in his life.

The government did not present evidence.

**Discussion**. 18 U.S.C. § 3143(a) provides as follows:

> Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence..... be detained unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community, if released, under section 3142(b)(c).

Comparing the evidence presented by the defendant with the order entered by the undersigned detaining the defendant on May 17, 2005, it does not show that there is clear and convincing evidence that the defendant is not likely to flee or that he is not likely to pose a danger to the safety of any other person or the community if released. The criminal record of the defendant is extensive, to say the least, and consist of seven (7) pages of convictions for offenses such as misdemeanor larceny, tampering with a vehicle, driving while license revoked, multiple counts of writing worthless checks, forgery, possession of marijuana, shoplifting, felony property damage in Florida, felony possession with intent to manufacture, sell and deliver cocaine, resisting arrest, assault on an officer, maintaining a vehicle for the purpose of selling a controlled substance, possession of drug paraphernalia and possession with intent to distribute methamphetamine. The undersigned has not listed all of the criminal convictions of the defendant. On a significant number of these convictions the defendant was placed on probation and on a several of those the defendant's probation was revoked for failure to comply with the conditions of probation. The defendant has failed to appear repeatedly on various criminal charges. There is outstanding a felony probation violation from the state of Florida and there is pending theft by receiving stolen property and manufacturing, selling and delivering methamphetamine charges from the state of Georgia. These

examples of conduct on behalf of the defendant show to the undersigned that there is clear and convincing evidence that the defendant is likely to flee and is likely to pose a danger to the safety of any other person or the community if he was released.

The undersigned has further considered the fact that the defendant is presently at the Columbia Care Center in Columbia, South Carolina. The significant medical needs of the defendant are being met at the hospital and, indeed, it appears that the defendant's health is improving due to this significant medical care which the undersigned fears the defendant will not receive if he is released on terms and conditions of pretrial release. As a result, the release of the defendant would pose a danger to the safety of the defendant. Upon inquiry made, the undersigned was advised that the defendant would be sentenced within the next one to two months.

After considering all evidence presented and considering the directives under 18 U.S.C. § 3143(a) the undersigned has determined to deny the defendant's motion and require that the defendant continue to be detained in regard to this matter.

IT IS THEREFORE **ORDERED** th**a**t the defendant's motion entitled "Motion for Pre-Sentence Release" is hereby **DENIED.**

```
                              Signed: March 22, 2006
```

_Dennis L. Howell_
Dennis L. Howell
United States Magistrate Judge